IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK STEVEN JOHANSON,

    Plaintiff,　　　　　　　　　　　CV F 05 1531 OWW WMW P

  vs.　　　　　　　　　　　　　　　ORDER DISMISSING COMPLAINT
　　　　　　　　　　　　　　　　　　　　WITH LEAVE TO AMEND

MTA,

    Defendant.

    Plaintiff is a former state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the original complaint.  Plaintiff, formerly incarcerated at the California Correctional Institution at Tehachapi, brings this action against an un-named Medical Technical Assistant (MTA) employed by the Department of Corrections at Tehachapi.

    Plaintiff's sole claim in this complaint is that the defendant Medical Technical Assistant administered a tuberculosis test to plaintiff against his will.  Plaintiff alleges that he "had paperwork in my property stating I was on I.N.H. medication and I brought X-rays of my chest.  I brought above papers to avoid life threatening problems."

    Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir.

2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Here, plaintiff alleges that defendant administered a tuberculosis test to plaintiff, despite the fact that plaintiff was on tuberculosis medication. Plaintiff fails to allege any facts indicating that defendant cause harm, or acted with deliberate indifference to plaintiff's health. There are no facts alleged indicating that a tuberculosis test caused plaintiff serious injury. Assuming that defendant acted with negligence, or even gross negligence, such allegations fails to state a claim for an Eighth Amendment violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

1  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
2  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
3  there is some affirmative link or connection between a defendant's actions and the claimed
4  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
5  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6              In addition, plaintiff is informed that the court cannot refer to a prior pleading in
7  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
8  amended complaint be complete in itself without reference to any prior pleading.  This is
9  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux
10 v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
11 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
12 original complaint, each claim and the involvement of each defendant must be sufficiently
13 alleged.

14             In accordance with the above, IT IS HEREBY ORDERED that:
15             1. Plaintiff's complaint is dismissed; and
16             2. Plaintiff is granted thirty days from the date of service of this order to file a
17 first amended complaint that complies with the requirements of the Civil Rights Act, the Federal
18 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
19 docket number assigned this case and must be labeled "First Amended Complaint."  Failure to
20 file an amended complaint in accordance with this order will result in a recommendation that this
21 action be dismissed.

23 IT IS SO ORDERED.

24 **Dated:     March 16, 2006**              /s/  **William M. Wunderlich**
   mmkd34                                UNITED STATES MAGISTRATE JUDGE